UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN HAWK, | No. 2:15-cv-2529 KJM CKD P |
| Plaintiff, | |
| v. | <u>FINDINGS & RECOMMENDATIONS</u> |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITAION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
8  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
9  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
10 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
11 this standard, the court must accept as true the allegations of the complaint in question, Hospital
12 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
13 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
14 McKeithen, 395 U.S. 411, 421 (1969).

15 The court has conducted the required screening of plaintiff's amended complaint.  The
16 impetus behind plaintiff's initiation of this action is the fact that he was denied parole by the
17 California Board of Parole Hearings in 2012.  Plaintiff challenged aspects of the decision denying
18 him parole in a petition for writ of habeas corpus filed in this court on August 8, 2014 and denied
19 October 26, 2015.[1]  Plaintiff does not seek release on parole in this action [nor could he, see
20 Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (when a state prisoner challenges the legality of
21 his custody and the relief he seeks is the determination of his entitlement to an earlier or
22 immediate release, his sole federal remedy is a writ of habeas corpus)], he seeks declaratory
23 relief, injunctive relief and monetary relief based on claims which all concern his being denied
24 parole.  But plaintiff fails to point to facts suggesting he has suffered a violation of any federal
25 right which would support a grant of any of the relief requested.  For example, plaintiff complains
26 about the contents of psychological evaluations which were used at his 2012 parole hearing, but

---

[1] Hawk v. California Board of Parole Hearings, 2:14-cv-2003 WBS KJN P.

fails to allege facts suggesting either the contents of the evaluations or their use violate federal law in any respect.

Because plaintiff fails to identify any facts suggesting he is entitled to any of the relief requested, or any relief at all, the court recommends that plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted, without granting leave to amend a second time.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 15, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hawk2529.dis